## UNITED STATES BANKRUPTCY
## DISTRICT OF MASSACHUSETTS

IN RE:                                                                  CHAPTER 7
                                                                        CASE NO: 08-31298
                                                                        ADV. PRO. NO._____

THERESA-JO EGBERT,            )
          Debtor              )

THERESA-JO EGBERT,            )
          Plaintiff           )
                              )
v.                            )
                              )
MATTHEW A. LONG and           )
MARCIA LONG,                  )
          Defendants          )

## DEBTOR'S COMPLAINT TO AVOID JUDICIAL LIEN
## PURSUANT TO 11 U.S.C. sec. 522(h)

THERESA-JO EGBERT, plaintiff herein, complaining of the defendants, alleges:

1. Plaintiff filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code on September 5, 2008.

2. This is an adversary proceeding to determine the avoidability of a preference pursuant to 11 U.S.C. sec. 522(h).

3. Pursuant to 28 U.S.C. Section 1334, this Court has jurisdiction over the plaintiff's 11 U.S.C. Section 522(h) complaint to avoid a judicial lien of MATTHEW A. LONG and MARCIA LONG (Lienholder) who reside at 17 Chadwyck Lane, East Longmeadow, MA 01028.

4. As of this date the debtor has not been granted a discharge of her debts.

5. On July 7, 2008, the defendants obtained an attachment in the amount of $1,000,000.00 against the plaintiff's option to purchase a one-half interest in real estate known as 99 Pine Street, Holyoke, MA 01040.

6. Said lien was recorded in the Hampden County Registry of Deeds on July 18, 2008 in Book 17396, Page 247 within 90 days of the filing of this Chapter 7. See Exhibit "A" attached hereto.

7. Said lien constitutes a transfer of property of the debtor to or for the benefit of defendants as a creditor.

8. Said lien was obtained for or on account of an antecedent debt owed by the debtor to the defendants before the lien arose.

9. Said lien was obtained while the debtor was insolvent and consists of a claim by the defendants for bodily injuries arising out of a motor vehicle accident that occurred on October 21, 2007 and allegedly was the fault of the debtor.

10. Enforcement of said lien will enable the defendants to receive more than they would receive as a creditor in this Chapter 7 case, if there were no lien.

11. Said attachment is a preference pursuant to 11 U.S.C. sec. 547(b) and as such is voidable pursuant to 11 U.S.C. sec. 522(h).

12. Pursuant to Bankruptcy Rule 7008, plaintiff states that this is a core proceeding.

WHEREFORE, the debtor respectfully prays:

1. The Court enter an Order avoiding the judicial lien set forth in Exhibit "A" pursuant to 11 U.S.C. sec. 522(h).

2. For such other relief as the Court deems just.

Dated: October 8, 2008

/s/Peter Slepchuk Jr.
Peter Slepchuk Jr., BBO #466600
Attorney for the Plaintiff
155 Maple Street, Suite 405
Springfield, MA 01105
Tel: 413-736-3649
Fax: 413-747-9022
E-mail: esquirepsj@aol.com

111Bcomplaint

EXHIBIT A



Bk 17396 Pg247 #47876
07-18-2008 @ 02:45P

## COMMONWEALTH OF MASSACHUSETTS

HAMPDEN, SS,

SUPERIOR COURT
DEPARTMENT OF THE TRIAL COURT
CIVIL ACTION
No. 08-266

Matthew A. Long and
Marcia Long, Plaintiff

v.

Theresa Jo Egbert and
William D. Barnard, Defendant

A TRUE COPY ATTEST
7/18/08
DEPUTY SHERIFF HND.CTY.

### WRIT OF ATTACHMENT

To the sheriffs of our several counties or their deputies:
We command you to attach the goods or estate of defendant Theresa Jo Egbert, of 99 Pine Street, Holyoke, MA, to the value of $1,000,000 (the amount authorized), as prayed for by plaintiff Matthew A. Long, of 136 Tioga Street, of Springfield, MA, whose attorney is Raipher D. Pellegrino, of 265 State Street Springfield, MA in an action brought by said plaintiff Matthew & Marcia Long against said defendant Theresa Jo Egbert in the Superior Court for Hampden County, and make due return of this writ with your doings thereon.

The complaint in this case was filed on March 14, 2008. Ths attachment was approved on July 7 2008, by C. Sweeney J., in the amount of $1,000,000.00 (One Million dollars and no cents).

Witness, Barbara J. Rouse, Esquire, at Springfield the 16th day of July 2008.

Brian P. Lees
CLERK / MAGISTRATE

NOTE.
1. This writ of attachment is issued pursuant to Rule 4.1 of the Massachusetts Rules of Civil Procedures.

HAMPDEN SS:

July 18 2008

60 MINUTES PAST 9 O'CLOCK, A.M., I ATTACHED ALL THE RIGHT, TITLE, AND INTEREST THE WITHIN NAMED DEFENDANT(S) HAS IN AND TO ANY AND ALL REAL ESTATE IN SAID COUNTY.

JORGE DIAZ, Deputy Sheriff
DEPUTY SHERIFF 1170 Main Street
Springfield, MA 01103

THE FOREGOING IS A TRUE COPY OF THE WRIT OF ATTACHMENT AND MY RETURN THEREON WHICH RELATES TO THE ATTACHMENT OF REAL ESTATE.

JORGE DIAZ, Deputy Sheriff
DEPUTY SHERIFF 1170 Main Street
Springfield, MA 01103

HAMPDEN SS:   REGISTRY OF DEEDS OFFICE  7-18-08
45 MINUTES PAST 2 O'CLOCK IN THE P.M., RECEIVED AND DEPOSITED IN THIS OFFICE.

Donald E Ashe KCL
REGISTER